IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY L. MCMILLIAN                                                                                               PLAINTIFF

v.                                                                                        CAUSE NO: 1:22-CV-117-SA-RP

ABERDEEN SCHOOL DISTRICT                                                                        DEFENDANT

ORDER

Aberdeen School District ("the District") has filed two separate Motions *in Limine* [49, 51]. The Motions [49, 51] have been fully briefed, and the Court is prepared to rule.

*Motion in Limine Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. Accordingly, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

*Analysis and Discussion*

As noted above, the District has filed two separate Motions *in Limine* [49, 51]. The Court will address them separately.

I.     *General Motion in Limine [49]*

In its first Motion [49], the District broadly seeks the exclusion of sixteen things such as:

the District's liability insurance, the District's net worth, any settlement offers or negotiations, and several other similar matters.

Importantly, "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *King*, 2017 WL 532284 at *7. (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578 at *4 (N.D. Miss. May 27, 2011)) (emphasis in original). This Court has also held that a motion that "[s]ets forth a lengthy laundry list of matters, most of them of a highly vague nature … constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) (additional citation omitted).

In the Court's view, the matters raised in the Motion [49] concern well-settled principles of law. The Court sees no need to address each of them individually, as they fall below the threshold for an appropriate motion *in limine* and instead constitute an improper "shotgun" motion. The District's Motion [49] fails to identify the *specific* issues it wishes to exclude. The Motion [49] is DENIED.

II. Motion in Limine Regarding Evidence of Wrongful Termination [51]

Next, the District seeks to exclude any "[t]estimony of wrongful and unlawful termination based on Collateral Estoppel and Res Judicata." [52] at p.1. Specifically, the District argues that during a hearing with the Mississippi Department of Employment Security ("MDES"), the board determined that McMillian was terminated from the District for misconduct related to his employment. The findings of fact from the hearing are as follows:

> [McMillian] was employed with Aberdeen School District for eight years until his separation from employment beginning 8/23/2021. [McMillian] was discharged from employment [for] leaving his job post in maintenance without authorization from a supervisor. This is automatic grounds for termination under company policy and is considered neglect of duties.

[49], Ex. 1 at p. 8.

The District argues that based on this agency determination, McMillian "should not be permitted to provide evidence related to his claims brought under § 1981, Title VII, [or] Mississippi's Whistleblower Act[.]" [52] at p. 3.

In response, McMillian argues that the District's Motion [51] is procedurally barred and that the District is "filing an untimely motion for summary judgment and labeling it as a motion *in limine*." [55] at p. 1. The Court agrees with McMillian. The primary purpose of a motion *in limine* is to exclude inadmissible evidence. A motion *in limine* is *not* intended to dismiss a party's claim. To the Court, it appears that the District now asserts arguments at the motion *in limine* stage that it *could* have asserted in a motion for summary judgment. However, the District chose not to and the time to do so has passed.

Furthermore, as McMillian points out, both the Supreme Court and the Fifth Circuit have held that state administrative findings do not have a preclusive effect on federal statutes that provide a federal administrative remedy. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110, 111 S. Ct. 2166, 2171, 115 L. Ed. 2d 96 (1991); *Cox v. DeSoto Cnty., Miss.*, 564 F.3d 745, 749 (5th Cir. 2009). Notably, in *Astoria*, the Supreme Court held that "[s]tate administrative findings *may* be entered into evidence at trial." *Astoria*, 501 U.S. at 114, 111 S. Ct. at 2172-73 (emphasis added).

Considering these authorities, the Court sees no basis to preclude McMillian from introducing evidence in support of his claims. At this stage, the Court makes no determination

3

about whether the findings from the MDES hearing are admissible and will address that issue if it arises at trial. *See King*, 2017 WL 532284 at *1.

## Conclusion

For the reasons set forth above, the District's Motions *in Limine* [49, 51] are DENIED.

SO ORDERED this the 16th day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE